# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-168 PA (SHKx) | Date | January 29, 2019 |
|---|---|---|---|

| Title | Crosby Capital USA, LLC v. Ardreda Johnson, et al. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Ardreda Johnson ("Defendant"). (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against her by plaintiff Crosby Capital USA, LLC ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, the removing defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-168 PA (SHKx) | Date | January 29, 2019 |
|---|---|---|---|

| Title | Crosby Capital USA, LLC v. Ardreda Johnson, et al. |
|---|---|

      Here, Defendant has failed to establish that there is complete diversity or that the amount in controversy exceeds $75,000. Defendant alleges she is a citizen of California and Plaintiff is "not a citizen of California" or "a registered entity in California," but has its headquarters in Miami Beach, Florida. (Notice of Removal at 3.) While Defendant acknowledges that Plaintiff is an LLC and its citizenship is determined by its members, she nonetheless has alleged Plaintiff's citizenship as if it were a corporation. See Johnson, 437 F.3d at 899. By failing to allege Plaintiff's members' citizenship, Defendant has failed to establish Plaintiff's citizenship, and the Court cannot determine whether complete diversity of citizenship exists. Additionally, Defendant incorrectly alleges that the value of the underlying action is equivalent to the value of the property. In unlawful detainer actions, the title to the property is not involved; only the right to possession is implicated. Evans v. Super. Ct., 67 Cal. App. 3d 162, 170 (1977). Thus, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than by the value of the subject real property. Id. Here, Plaintiff filed a Limited Civil Case, in which the amount demanded does not exceed $10,000. (Docket No. 1-1, at 8.) Given that the value of the subject real property is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement. Therefore, Defendant has not established that this Court has diversity jurisdiction over this action. Accordingly, Defendant has not met its burden to establish this Court's subject matter jurisdiction.[1/]

      Additionally, the Notice of Removal suffers from a procedural defect. A local defendant cannot remove a case to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2); see Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court."). Because Defendant is a citizen of California, Defendant cannot remove this action based on diversity jurisdiction. As such, Defendant's Notice of Removal is also procedurally defective. Id. at 939 (explaining that when a local defendant removes based on diversity, the defect is procedural, not jurisdictional).

      For the foregoing reasons, the Court remands this action to San Bernardino County Superior Court, Case No. UDFS1806354. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[1/]     Defendant also alleges that "[t]here is an issue of title and a violation of federal laws under the federal Fair Debt Collection Practices Act" ("FDCPA"). (Notice of Removal at 4.) It does not appear as though Defendant has raised a counterclaim against Plaintiff under the FDCPA, and even if she had, a federal defense is not an appropriate basis for federal question jurisdiction under the "well-pleaded complaint" rule. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (explaining "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint"). Because the underlying Complaint contains a single cause of action for unlawful detainer, which does not arise under federal law, this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.